Affirmed and Majority and Concurring Opinions filed December 21, 2006








Affirmed and Majority and Concurring Opinions filed December
21, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00785-CV

____________

 

DONALD WAYNE HULL, Appellant

 

V.

 

DICARLOS DAVIS (DATASORSCONSULTING,
L.L.C.) AND TEXAS WORKFORCE COMMISSION, Appellees

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 823155

 



 

C O N C U R R I N G   O P I N I O N

I respectfully concur in the court=s judgment but I
disagree with parts of the majority=s analysis.








The trial court correctly determined that it had no
jurisdiction over defendant/appellee Texas Workforce Commission (ATWC@), as noted in the
majority opinion.  However, appellant Donald Wayne Hull=s petition also
includes a claim against defendant/appellee Dicarlos Davis /Datasorsconsulting,
L.L.C. (hereinafter ADavis@) for breach of a
promissory note.  Construing the petition liberally and in Hull=s favor, this
claim is not covered by the Texas Payday Law.  Although the trial court
improperly rendered a take-nothing judgment on this claim, Hull has not briefed
any argument complaining of this disposition.  Therefore, even though this
court relies on the wrong rationale, it reaches the right result in affirming
the trial court=s judgment.

Hull=s Claims against TWC and His Texas
Payday Claim against Davis

The court correctly affirms the trial court=s dismissal for
lack of jurisdiction as to Hull=s claims against TWC and Hull=s Texas Payday
claim against Davis, but the court errs in determining that all of Hull=s claims against
Davis are Texas Payday claims.  See ante at pp. 2,5.  Hull=s original
petition, entitled APlaintiffs= Donald Wayne Hull
[sic] Complaint On A Promissory Note Or Contract,[1]@ names Davis and
TWC as defendants.  In this petition, Hull not only makes allegations under
Chapter 61 of the Texas Labor Code,[2]
but also states in this pleading that his suit includes Aan [sic] civil
action complaint on a promissory note or contract under the Texas Payday Law.@ Because no
special exceptions were asserted or sustained as to Hull=s petition, this
court should construe Hull=s petition liberally and in his favor.  See
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).
Giving Hull=s pleading this liberal construction, Hull asserts a
claim against Davis for beach of a promissory note, a claim not covered by the
Texas Payday law and, as explained below, one the trial court did not dismiss
on jurisdictional grounds.

Hull=s Other Claims








Although the trial court granted TWC=s plea to the
jurisdiction and dismissed Hull=s claims against TWC for lack of
jurisdiction, it rendered judgment that Hull Atake nothing
against [Davis]@ on the other claims.  The majority ignores
this fact and instead acts as if the trial court dismissed all claims on
jurisdictional grounds when, in fact, the trial court disposed of the note
claim against Davis on substantive grounds.  On appeal, Hull has not briefed
any argument challenging the Atake nothing@ part of the trial
court=s judgment.  In
his second issue, however, Hull contends that the trial court erred in
rendering a final judgment against him and that the final judgment is defective
because it is Asilent@ as to the disposition of his claims
against Davis.  Hull=s argument fails because the judgment is
not silent regarding his claims against Davis.  In the judgment, the trial
court clearly ordered that Hull take nothing as to these claims.  

After reviewing all of Hull=s appellate brief
and presuming that Hull preserved error regarding the take-nothing judgment,
Hull has waived any complaint regarding this part of the judgment by failing to
present argument, authorities, and record citations supporting his
contentions.  See Tex. R. App. P.
38.1(h).  Texas Rule of Appellate Procedure 38.1(h) requires that appellate
briefs Acontain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.@ Id.  Appellate courts must
construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so
that the right to appeal is not lost by imposing requirements not absolutely
necessary to effect the purpose of a rule. Republic Underwriters Ins. Co. v.
Mex‑Tex, Inc., 150 S.W.3d 423, 427 (Tex.  2004).  Nonetheless, Hull=s appellate brief
fails to satisfy even this very liberal standard.  See San Saba Energy, L.P.
v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Therefore, this court should affirm the trial court=s judgment as to
Davis on the basis that the trial court rendered a take-nothing judgment on
Hull=s claims against
Davis and Hull has not briefed any appellate argument challenging this
judgment.  

Conclusion








In sum, today the court
correctly affirms the trial court=s dismissal for lack of jurisdiction as to Hull=s claims against TWC and Hull=s Texas Payday claim against Davis,
but the majority misses the mark in its analysis as to Hull=s promissory-note claim against
Davis.  Nonetheless, for the reasons explained above, the court reaches the
correct result in affirming the trial court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered
and Opinion filed December 21, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost. (Anderson, J., majority)









[1]  The petition states that it is based on a promissory
note or contract, but there is no note or contract attached to the pleading. 





[2]  See Tex. Lab. Code Ann. ' 61.001 et seq. (Vernon
2006).